Z. E. Britton and F. P. Fitzwilliam, for plaintiff.

Clough & Wheat, for defendants.

DILLON, Circuit Judge. The property or money of which the assignee, by the bill of complaint, seeks to obtain possession, is in the hands of the sheriff, and was obtained under an execution, which was issued and levied upon the property of the bankrupt before the proceedings in bankruptcy were commenced. Assuming that the bill in other respects presents a case of equity cognizance, can this court take jurisdiction of the sheriff and the fund in his hands, and subject him and the fund to its control? That this cannot be done on general principles, is conclusively settled. Peck v. Jenness, 7 How. [48 U. S.] 612; Taylor v. Carryl, 20 How. [61 U. S.] 583; Buck v. Colbath, 3 Wall. [70 U. S.] 334.

Is the rule in this respect changed by the bankrupt act? The presiding justice of this circuit has held that it is not. Johnson v. Bishop [Case No. 7,373]. And such seems to be the opinion of the supreme court of the United States in the recent case of Marshall v. Knox, 16 Wall. [83 U. S.] 551. In the case last cited, Mr. Justice Bradley says, arguendo, that "where an execution on final judgment has been levied by a sheriff prior to the commencement of proceedings in bankruptcy, the possession of the sheriff cannot be disturbed by the assignee; the assignee is only entitled to claim the residue in the hands of the sheriff after satisfying the execution in his hands." In Johnson v. Bishop, supra, Mr. Justice Miller says: "The possession of the sheriff is the possession of the court, by the command of whose writ he seized the property. And so long as the proceedings in virtue of which it is taken, are pending, that possession will not be interfered with by any other court."

The bill must, therefore, be dismissed; but it will be without prejudice to any other action or suit by the assignee against the judgment creditors of the bankrupt or either of them. Bill dismissed.

NOTE. See Bradley v. Frost [Case No. 1,780], and Wilson v. City Bank of St. Paul (decided by the supreme court: Dec. Term, 1873) 17 Wall. [84 U. S.] 473, and cases following it decided subsequently by that court.

TOWNSEND (MECHANICS' & FARMERS' BANK v.). See Case No. 9,381.

TOWNSEND (ORNE v.). See Case No. 10,-583.

TOWNSEND (TENNEY v.). See Case No. 13,832.

## Case No. 14,118.

### TOWNSEND v. TODD.

[See Case No. 14,075.]

## Case No. 14,119.

### TOWNSEND v. UNITED STATES.

[1 U. S. Law J. 533, b.]

District Court, S. D. New York. 1822.

IMPRISONMENT FOR DEBT DUE THE UNITED STATES—RELEASE—COSTS—POUNDAGE.

When an insolvent debtor to the United States is imprisoned on a ca. sa., and the secretary of the treasury discharges him from imprisonment, under the first section of the law of June 6, 1798 (3 Bior. & D. Laws, c. 66, p. 54 [1 Stat. 562, c. 50]), "on payment of costs," the marshal of the district in which such debtor is imprisoned has a right to charge poundage, as a part of his costs, provided the state laws existing in such district would permit a sheriff to charge poundage on a ca. sa. as a portion of his legal costs.

On a motion for a discharge from imprisonment on a ca. sa. Peter Townsend was indebted to the United States, to the amount of sixty thousand dollars. He was imprisoned on a ca. sa., and petitioned the secretary of the treasury for a discharge from imprisonment, under the act of congress. The discharge was granted, but there was a condition that the debtor should assign over his property to the United States, and pay costs which had arisen in obtaining judgment. A controversy arose as to what was included in the word "costs"; the marshal contending that it embraced poundage, the prisoner conceiving that it did not. The poundage amounted to about eight hundred dollars, and the bill of costs, including it, was duly taxed. The debtor now tendered to the marshal all the costs, excepting the poundage, and demanded his release from imprisonment. This being refused, the counsel for the prisoner appeared in the district court, in which the judgment was recovered, and on reading the proper affidavits, moved his discharge from the custody of the marshal, or rather from the custody of the sheriff, who is substituted for the marshal. This motion was argued by J. Wells and C. G. Haines, for the insolvent debtor, and by T. A. Emmet and J. O. Hoffman, for the marshal. It will be seen that the district judge denied the motion.

VAN NESS, District Judge. By the affidavit and papers in this case, it appears that the defendant, Peter Townsend, is in custody, on a ca. sa. issued in favour of the United States; that the secretary of the treasury, on the 15th of November, 1822, by virtue of the authority vested in him, by the act of the 6th of June, 1798, issued an order to the keeper of the prison, authorizing him to discharge from his custody "the body of the said Peter Townsend, on payment of costs, and on condition that the said Peter Townsend shall assign and convey, to the use of the United States, all his estate, real and personal and mixed, by instrument to be approved by Robert Tillotson, Esq., attorney of the United States for the said district of New York." It appears, further, that the defendant has executed an assign-